

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2009

# USA v. Duronio

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5116

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Duronio" (2009). *2009 Decisions.* Paper 1905.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1905

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-5116

———————

UNITED STATES OF AMERICA

v.

ROGER DURONIO,

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
District Judge: Honorable Joseph A. Greenaway, Jr.
(D.C. Criminal No. 02-cr-00933)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 8, 2008

Before: McKEE, SMITH and ROTH, Circuit Judges

(Filed: February 9, 2009)

———————

OPINION OF THE COURT

———————

MCKEE, *Circuit Judge*.

Roger Duronio appeals his conviction and sentence for mail fraud and computer fraud. The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We will affirm.

I.

Inasmuch as we write primarily for the parties, we discuss only the factual and procedural background necessary to our brief opinion.

**A.**

Duronio argues that the district court erred in denying his motion to dismiss the indictment based on his claim that his due process rights were violated when UBS and its agents, without the knowledge of the government, destroyed computer hard drives belonging to a former colleague. Our review of the district court's legal conclusions is plenary. *United States v. Ramos*, 27 F.3d 65, 67 (3d Cir. 1994). We review factual findings for clear error. *Id.*

The district court concluded that UBS and its contractor operated independently of the government; the government did not have "ready access" to the disputed evidence, and; even if UBS and its contractor were part of the government investigation, the defense did not establish "bad faith." The district court denied Duronio's motion in an unpublished Memorandum Opinion dated May 23, 2006. The court also denied Duronio's renewed motion to dismiss at the close of evidence and his motion for a new trial based on the same issue. The district court has thoroughly and adequately explained

why Duronio's challenge to the destruction of the evidence does not merit relief, and we will affirm substantially for the reasons given by the district court.

**B.**

Duronio also argues that the district court and the prosecutor "deprived [him] of due process of law" by denying his request for a "missing witness" instruction and by the prosecution arguing that he was free to subpoena the supposed "missing witness." The witness in question was the co-worker whom Duronio argued was actually responsible for "dropping" the logic bomb. We review the court's decisions regarding jury instructions for abuse of discretion. *United States v. Hoffecker*, 530 F.3d 137, 156 (3d Cir. 2008). Because Duronio did not contemporaneously object to the prosecution's rebuttal summation, our review of his challenge to that is for plain error. *United States v. Brennan*, 326 F.3d 176, 182 (3d Cir. 2003).

We can not agree with Duronio's contention that the co-worker was "peculiarly" within the power of the prosecution simply because the witness refused to speak with defense counsel. *Graves v. United States*, 150 U.S. 118, 121 (1893). The district court correctly concluded that the co-worker was equally available to both parties, and there was therefore no foundation for any missing witness instruction. Accordingly, refusal to give such an instruction cannot amount to an abuse of discretion. *United States v. Vastola*, 899 F.2d 211, 235 (3d Cir. 1990), *vacated on other grounds*, 497 U.S. 1001 (1990).

3

We realize that defense counsel was not willing to call the co-worker without being able to interview him beforehand. However, that does not place the witness beyond the reach of a subpoena nor render him unavailable. That circumstance merely speaks to defense counsel's understandable reluctance to call a witness who has not been interviewed. It does not transform the witness into someone who is "unavailable" to the defense. "A witness is not 'peculiarly available' to the government simply because the witness chooses not to discuss the case with the defense." *United States v. Spinosa*, 982 F.2d 620, 633 n.7 (1st Cir. 1992).

Nor was there any error in the prosecutor arguing in summation that Duronio could have, but declined to, call the co-worker to testify. This was a direct response to Duronio's own suggestion that the Government should have called Duronio as a prosecution witness. *See United States v. Sblendorio*, 830 F.2d 1382, 1392 (7th Cir. 1987) ("[T]he prosecutor may reply to an argument by the defense that the absence of some witness counts against the prosecution."). Having opened the door, Duronio can hardly complain that the prosecutor decided to enter.

## C.

Finally, Duronio next argues that "the prosecutor's summation, which mischaracterized the evidence and the defense, repeatedly impugned defense counsel's personal integrity, and vouched for the integrity of the prosecutor's office, violated defendant's right to due process of the law and shifted the burden of proof to the

4

defense." We again review for plain error because Duronio did not object. *United States v. Brennan*, 326 F.3d at 185-86.

Duronio made this argument in the motion for a new trial that was denied by the district court. In rejecting the argument, the district court carefully examined each disputed statement and found no prosecutorial misconduct. App. 26-36. Rather, the court concluded that the prosecutor's statements amounted to attacks on the defense theory and strategy, not attacks on defense counsel. The court also found that the prosecution's statement did not attempt to shift the burden to the defendant, but focused the jury's attention on holes in the theory of the defense. We find no error, plain or otherwise, in these conclusions. Duronio also calls attention to a few additional comments not raised in connection with his motion for a new trial. None of these constitutes a personal attack on opposing counsel.

Similarly, we cannot agree that the prosecutor engaged in improper vouching in making the following argument:

> Let's be clear, the government bears the burden of proof in this case. The defense does not . . . . That is a fact. That is something that we embrace, the government embraces. We do not shy away from bad information and bad facts. We don't shy away from the fact there might be some [*sic*] out there. We don't shy away from the fact that we do not have fingerprints. We're not hiding that, concealing that. I'm not going to try to pin you to thinking like they do. I'm not. . . . Not hiding anything. It is what it is. Good, bad, or indifferent, the evidence is put before you.

App. 4292-93. Duronio claims this invited the jury to "rely on the prestige of the prosecutor's office to support a conviction and suggest[s] that [the prosecutor] had

5

superior knowledge of evidence disproving the alternative explanations [regarding the source of the logic bomb]." That is a mischaracterization of the statements. We agree with the district court's conclusion that the comments were well within the bounds of proper argument.

## II.

Duronio also raises three claims of error in relation to his sentence. Again, we find no merit in his arguments.

## A.

Duronio argues that the district court improperly calculated the aggregate loss resulting from the total sum UBS spent on computer hardware in response to the logic bomb attack in calculating the loss. The total loss calculated by the court resulted in an eighteen point offense-level increase for Duronio.

Loss must be established by a preponderance of the evidence. *United States v. Ali*, 508 F.3d 136, 143-45 (3d Cir. 2007) (citations omitted). The district court's finding was amply supported by the record. The district court was not required to credit the value of the new computers against the loss simply because UBS continued to use those computers after the recovery effort ended.

## B.

The PSR recommended a two-level increase in Duronio's offense-level pursuant to U.S.S.G. § 2B1.1(b)(8)(C). It also recommended a separate, two-level increase for abuse of a position of trust under U.S.S.G. § 3B1.3. The district court imposed both

enhancements without objection from Duronio.  Now, however, Duronio argues that those enhancements amounted to double-counting.  Given the absence of a contemporaneous objection, we review for plain error.  Duronio ignores that these enhancements were based on different characteristics of the crime - *i.e.*, the sophistication required to write and secretly install the logic bomb, and the fact that Duronio abused his position and access to his employer's computer system to commit the crime. The precedent that Duronio relies upon to argue to the contrary does not convince us otherwise.

## C.

Finally, while imposing sentence, the district court observed: ". . . Mr. Duronio, having felt himself wronged, came up with an elaborate, detailed, complicated and sophisticated scheme to, essentially, bring down the company."  App. 4627.  Duronio argues that this amounted to unsupported "fact-finding." However, this comment and other similar comments that Duronio relies upon are merely observations about "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a).  Those observations are consistent with the guilty verdict, and we do not find them improper or erroneous.

## IV.

For the reasons stated above, the conviction and sentence of Roger Duronio will be affirmed.

7